IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDEMYS N.R., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al., <br><br> Respondents. | Civil No. 1:26-cv-03892-MWJS <br><br> ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS <br><br> A# 220-511-164 |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Addemys N.R.[1] is an immigration detainee proceeding with a petition

for a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.  He entered the United

States at an unknown time and place but was arrested on October 2, 2021, by

Immigration and Customs Enforcement (ICE) and issued a Notice to Appear.  Dkt. No.

17, at pg. 2; Dkt. No. 17-1, at pg. 3.  At some point thereafter, he must have been

released by ICE, because on April 1, 2026, he was arrested on a charge of aggravated

battery with a deadly weapon by local police in Florida.  *See* Dkt. No. 17-3.  This

appears to be Petitioner's only known interaction with criminal law enforcement.  *See id.*

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

The day after his arrest, ICE officers "encountered" and interviewed Petitioner at the Manatee County Jail, and on April 5, he was transferred from the custody of local law enforcement into ICE custody.  He has remained in immigration detention ever since.

For a noncitizen detainee to be released from ICE custody, an immigration officer must find that "'such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)).  So when Respondents elected to release Petitioner from their custody in 2021, that decision "reflect[ed] a determination by the government" that he was "not a danger to the community or a flight risk."  *Id*. (cleaned up).  And while Petitioner's recent arrest on a very serious charge might possibly justify his re-detention, he has never been given the opportunity to challenge the basis for that re-detention.  Put differently, Petitioner has been afforded no post-deprivation process to test either whether it was appropriate for the government to deny him pre-deprivation process (that is, whether the circumstances in April 2026 created any real urgency for ICE to arrest him without first providing pre-deprivation process) or whether any circumstances have materially changed from when the government previously found that he was neither a flight risk nor a danger to the community.

Petitioner now invokes this court's habeas jurisdiction, contending in a First Amended Petition for Writ of Habeas Corpus that his arrest and detention, without due

process, violated his constitutional rights, and that his detention without a bond hearing violates the Immigration and Nationality Act (INA).  Dkt. No. 11-1.  In a supplemental filing, Petitioner also acknowledges that he was ordered removed by an Immigration Judge after he filed his petition, but that he has timely appealed that order to the Board of Immigration Appeals (BIA).  Dkt. No. 16.  Respondents filed a late response to the First Amended Petition on June 22, Dkt. No. 17, and Petitioner timely replied to the arguments in the response on June 23, Dkt. No. 18.

In their response to the First Amended Petition, Respondents do not dispute that Petitioner timely appealed his removal order to the BIA and therefore is not subject to mandatory detention pursuant to 8 U.S.C. § 1231(a).  Dkt. No. 17.  They instead offer two possible bases for Petitioner's detention:  he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) based on his arrest in Florida, or in the alternative is detained pursuant to 8 U.S.C. § 1226(a).  For the reasons that follow, Petitioner's detention is only authorized by § 1226(a), and he must therefore be granted a bond hearing.

Respondents argue that "Petitioner is subject to mandatory detention under [the] Laken Riley Act," 8 U.S.C. § 1226(c)(1)(E), "because he was arrested and charged with [a]ggravated battery with a deadly weapon, in violation of Florida code 784.045."  Dkt. No. 17, at pg. 3.  Following the enactment of the Laken Riley Act in 2025, a noncitizen who is inadmissible under certain enumerated provisions of the INA and who "is

3

charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person" is subject to mandatory detention and has no statutory right to a bond hearing.  8 U.S.C. § 1226(c)(1)(E).  There is no dispute that Petitioner is inadmissible under the relevant provisions of the INA, so the only question the court must resolve to determine whether Petitioner is subject to mandatory detention under § 1226(c) is whether his April 2026 arrest and charge was for a crime listed under the Laken Riley Act.

Respondents do not specify what provision of § 1226(c)(1)(E)(ii) they believe Petitioner's charge falls under.  It is clear, however, that the charge does not "constitute the essential elements of . . . burglary, theft, larceny, shoplifting, or assault of a law enforcement officer," so the Laken Riley Act would only apply if aggravated battery with a deadly weapon is a "crime that results in death or serious bodily injury to another person."  *Id.*  As an initial matter, the statutory language of the Act embraces any crime that "results" in death or serious bodily injury, so any charge might theoretically satisfy its provisions so long as it could be shown that, as a matter of fact, the criminal conduct *resulted* in death or serious bodily injury.  But in this case, there is no evidence in the record from which the court might conclude that Petitioner's alleged crime resulted in death or serious bodily injury.  His detention under the Laken Riley

4

Act is therefore only appropriate if the Florida criminal statute contains as an essential element a requirement that death or serious bodily injury result. *Cf. Singh v. Chestnut*, No. 26-cv-00546, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026) (concluding that the Laken Riley Act appeared to apply to a Petitioner arrested for "battery with serious bodily injury" under California law because the charge appeared on its face to be an enumerated crime causing "serious bodily injury").

Under Florida law, "[a] person commits aggravated battery who, in committing battery:  (1) intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or (2) uses a deadly weapon."  Fla. Stat. § 784.045(1)(a).  Had Petitioner been charged under § 784.045(1)(a)(1), an offense which requires the offender to "cause great bodily harm," that crime would appear to fall under the Laken Riley Act.  *See Poblano v. Warden of Golden State Annex Detention Facility*, No. 26-cv-2070, 2026 WL 1470604, at *2 (E.D. Cal. May 26, 2026), *report and recommendation adopted*, 2026 WL 1590138 (E.D. Cal. June 3, 2026).  But the record reflects that he was instead charged under § 784.045(1)(a)(2). Dkt. No. 17-3, at pg. 6.  That provision contains only two elements:  the offender must (1) commit battery and (2) uses a deadly weapon.  Unlike in § 784.045(1)(a)(1), there is no requirement under § 784.045(1)(a)(2) that the battery must cause "great bodily harm."  *See id.* ("[a] person commits aggravated battery who, in committing battery:  (1) intentionally or knowingly

causes great bodily harm, permanent disability, or permanent disfigurement; *or* (2) uses a deadly weapon" (emphasis added)).

On its face, then, Petitioner's charge for aggravated battery with a deadly weapon pursuant to Fla. Stat. § 784.045(1)(a)(2) does not fall under the Laken Riley Act's "serious bodily harm" provision. *Accord Poblano*, 2026 WL 1470604, at *2 (explaining that the alleged crime of a person "arrested under [§ 784.045(1)(a)(2)] for having allegedly committed battery 'with a deadly weapon'" might "not result in serious bodily injury"). The decisions of Florida courts confirm this view. *See State v. Robbins*, 936 So.2d 22, 24 (Fla. Dist. Ct. App. 2006) (observing that "the offense of aggravated battery with a deadly weapon may be committed when the victim does not suffer great bodily harm, permanent disability, or permanent disfigurement"); *Hayward v. State*, 590 So.2d 976, 977 n.5 (Fla. Dist. Ct. App. 1991) (noting that a jury may "find an aggravated battery was committed because a deadly weapon was used but no great bodily harm was inflicted"). Accordingly, Petition is not subject to detention under § 1226(c).

Because Petitioner is not subject to mandatory detention, the only alternative basis for his detention is 8 U.S.C. § 1226(a). Respondents contend that Petitioner should remain in "mandatory detention" even under § 1226(a), as they conclude that his "release from detention would not be appropriate." Dkt. No. 17, at pg. 4. But as this court and many others have observed in numerous prior orders, the INA provides a

statutory right to a bond hearing for noncitizens detained pursuant to § 1226(a).  *See, e.g.*, *Perez v. Lyons*, 823 F. Supp. 3d 1102, 1108 (E.D. Cal. 2026).

Given the foregoing, the court concludes that Petitioner is not subject to mandatory detention, and that he instead is entitled to a bond hearing under § 1226(a). Furthermore, because the government previously determined he was neither a danger to the community nor a flight risk when it previously released him from immigration custody, and because that prior determination granted Petitioner a constitutionally protected liberty interest, Petitioner now has the due process right to challenge the government's changed position—a right that entitles him to a hearing at which the government bears the burden of proof by clear and convincing evidence.

Ordinarily, the government must provide pre-deprivation process before it can deprive an individual of a constitutionally protected liberty interest.  And when a person has been taken into immigration detention without first having been given the pre-deprivation process to which he is entitled, the person's immediate release from immigration custody is usually the appropriate habeas remedy.  But on the facts presented here, the court concludes that Petitioner should be granted a bond hearing rather than immediate release. *Accord Carlos U.G v. Warden of the Cal. City Detention Facility*, No. 26-cv-03209-MWJS, 2026 WL 1391272 (E.D. Cal. May 18, 2026); *Zenon A.C.F. v. Warden, California City Detention Center*, No. 1:26-CV-02961-MWJS, 2026 WL 1257064 (E.D. Cal. May 7, 2026); *Jayner E.V.S. v. Warden, California City Detention Center*, No. 1:26-

CV-03554-MWJS, 2026 WL 1330817 (E.D. Cal. May 12, 2026). These circumstances include the fact that Petitioner was recently arrested by state law enforcement authorities on a charge of having committed a serious criminal violation, and that immigration authorities took him into custody shortly after his release from that arrest—actions which reflects the government's judgment, reasonable under the circumstances, that there was an urgency that made pre-deprivation process infeasible.

But even though that call was a reasonable one, it does not excuse the failure to provide constitutionally adequate post-deprivation process. Respondents are therefore ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Respondents shall file a status report within ten days of the date of this Order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing. The First Amended Petition is GRANTED to this extent with regard to Count Two. The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

///

///

///

IT IS SO ORDERED.

DATED:  June 25, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-cv-03892-MWJS; *Addemys N.R. v. Warden of California City Detention Center*, et al.; ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS