IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADDEMYS N.R.,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-03892-MWJS<br><br>ORDER DENYING MOTION TO ENFORCE<br><br>A# 220-511-164 |

**ORDER DENYING MOTION TO ENFORCE**

Before the court is Petitioner Addemys N.R.'s[1] renewed motion to enforce. Dkt. No. 35. The court previously granted Petitioner's habeas petition in part and ordered that he be provided with a constitutional bond hearing. *See Addemys N.R. v. Warden of Cal. City Det. Facility*, No. 1:26-cv-03892-MWJS, 2026 WL 1831763 (E.D. Cal. June 25, 2026). Since then, Petitioner has received at least two bond hearings. Petitioner argues here that the immigration judge abused their discretion during the most recent hearing in determining that Petitioner is a flight risk and danger, in not considering whether Petitioner's detention is necessary, and in failing to make sufficient written and oral

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

findings. Dkt. No. 35. Respondents oppose the motion, arguing that the court lacks jurisdiction, Petitioner has not exhausted his administrative remedies, and the most recent bond hearing did not violate the court's order. For the reasons set forth below, the motion is DENIED.

## **BACKGROUND**

In April 2026, Petitioner was arrested on a charge of aggravated battery with a deadly weapon by local police in Florida. *Addemys N.R.*, 2026 WL 1831763, at *1. A few days after his arrest, Petitioner was transferred to Immigration and Customs Enforcement custody. *Id.* He has remained in immigration detention ever since. *Id.*

In May 2026, Petitioner sought habeas relief. The court ordered Respondents to release Petitioner "unless they demonstrate[d], within seven days of the [the court's order], by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified." *Id.* at *4. Petitioner received a hearing on July 8, and an immigration judge denied bond. *See Addemys N.R. v. Warden of Cal. City Det. Facility*, No. 1:26-cv-03892-MWJS, 2026 WL 2206243, at *1 (E.D. Cal. July 30, 2026).

In July 2026, Petitioner filed his first motion to enforce arguing that because the July 8 bond hearing had proceeded without his counsel present, he was deprived of the constitutionally adequate bond hearing the court had ordered. *Id.* The court granted the motion in part and again ordered Respondents to release Petitioner unless they

demonstrated by clear and convincing evidence at another bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. *Id.* at *5.

Petitioner appeared with counsel for a second bond hearing on August 6, after which a different immigration judge denied bond. Dkt. No. 26, at pgs. 1–2. During that hearing, the immigration judge admitted into evidence this court's order requiring a second bond hearing, supporting documentation from Petitioner, Petitioner's Form I-213, and documents from the government that included Petitioner's rap sheet, a removal order issued by an immigration judge on May 22, 2026, and an earlier bond decision. Dkt. Nos. 30-2, 30-3, 30-4, 30-5. The immigration judge noted the court's directive that Petitioner receive another bond hearing during which the government was required to "show by clear and convincing evidence that respondent is a flight risk or a danger to the community such that his physical custody is legally justified." Dkt. 30-1, at pg. 4.

In arguing that bond should be denied, the government noted Petitioner's recent pending charge for aggravated battery with a deadly weapon. *Id.* at pg. 7. Regarding risk of flight, the government noted that Petitioner had entered without inspection, an immigration judge ordered his removal, and Petitioner possessed unclear ties to the country. *Id.* After giving Petitioner's counsel an opportunity to make a statement in support of granting bond, the immigration judge asked if counsel could address why

Petitioner might succeed in appealing his removal order. *Id.* at pg. 9. Counsel did not have documents associated with Petitioner's removal proceedings, but counsel stated that Petitioner feared returning to his country of origin. *Id.*

The immigration judge denied bond finding that Petitioner is both a danger and flight risk. *Id.* Regarding danger, the immigration judge noted that Petitioner had been arrested and charged with aggravated battery with a deadly weapon in April 2026. *Id.* While observing that Petitioner had not been convicted, the immigration judge highlighted the seriousness and recency of the charge. *Id.*

Regarding risk of flight, the immigration judge considered the factors identified in *In Re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). *Id.* at pg. 10. The immigration judge noted several positive factors, including Petitioner's employment history and various letters in support of his request. *Id.* The immigration judge also noted, however, various negative factors, including Petitioner's illegal entry into the country and the fact that Petitioner's proposed sponsor would not live with him. *Id.* Most important, the immigration judge said, was the fact that Petitioner had been ordered removed, and there was no reason to believe that decision might be overturned. *Id.* Petitioner appealed the immigration judge's decision, and that appeal remains pending.

Petitioner then filed a second motion to enforce. Dkt. No. 27. After ordering Respondents to file a transcript of the August 6 hearing, the court afforded Petitioner an

opportunity to amend his motion. Dkt. No. 28. Petitioner did not file an amended motion, and the court denied as moot his second motion to enforce. DKt. No. 33.

Now before the court is Petitioner's third motion to enforce. Dkt. No. 35. In this motion, Petitioner argues that the immigration judge abused their discretion during the August 6 bond hearing in determining that Petitioner is a danger and flight risk, in not considering whether Petitioner's detention is necessary, and in failing to make sufficient written and oral findings. *Id.* at pgs. 7–11. Petitioner seeks either his immediate release or another bond hearing, in front of a third immigration judge. *Id.* at pgs. 13–14.

**LEGAL FRAMEWORK**

The court has the authority to ensure compliance with its orders granting relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce is the usual method used to have a court compel compliance with a previous order. *See Luis P.A. v. Warden, Cal. City Det. Facility*, No. 1:26-cv-05340-RLP, 2026 WL 3016281, at *1 (E.D. Cal. Oct. 7, 2026).

When reviewing an immigration judge's determinations regarding dangerousness and risk of flight in the context of a bond hearing, the court applies an abuse of discretion standard. *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). Under this standard, the court "cannot reweigh evidence but can only determine

whether the [immigration judge] applied the correct legal standard." *Id.* at 785 (cleaned up).

## DISCUSSION

Petitioner contends that his August 6 bond hearing did not comply with the court's order requiring a constitutionally adequate bond hearing. Dkt. No. 35, at pgs. 7–11. The motion tees up three separate issues: whether the court has jurisdiction to consider the motion, whether Petitioner should have exhausted administrative remedies, and whether Petitioner's argument succeeds on the merits. The court considers each in turn.

### A. The Court has Jurisdiction Over the Motion to Enforce

As a threshold matter, the court must consider its jurisdiction. Respondents argue that the court is deprived of jurisdiction by 8 U.S.C. § 1252(a)(5) and 8 U.S.C. § 1252(b)(9).

Although § 1252(a)(5) provides that a petition for review filed in the court of appeals is the sole and exclusive means to review an order of removal, and § 1252(b)(9) consolidates into such a petition all questions of law and fact arising from any action taken or proceeding brought to remove an alien, it is well settled that those provisions do not bar claims that are independent of or collateral to the removal process. *See Ibarra-Perez v. United States*, 154 F.4th 989, 1000 (9th Cir. 2025).

Petitioner does not challenge his removal order. Instead, he invokes the court's authority to enforce its earlier order. He contends that Respondents have failed to comply with that order. And it is clear that the court had jurisdiction to enter that prior order, in which it compelled Respondents to provide a constitutionally adequate bond hearing. Under these circumstances, the court has the authority to consider the merits of Petitioner's motion to enforce. *See Ly v. Bondi*, No. 5:26-cv-01320-SPG-DFM, 2026 WL 917605, at *5 (C.D. Cal. Mar. 31, 2026) ("Challenges to immigration detention are claims that are collateral to, or independent of, the removal process, not precluded by §§ 1252(a)(5) and 1252(b)(9), and district courts therefore have authority to adjudicate such cases." (cleaned up)).

**B. Exhaustion of Administrative Remedies is not Required Here**

The mere fact that the court has the power to consider the merits does not, of course, mean that it must. And Respondents next argue that the court should not consider Petitioner's motion until he exhausts his administrative remedies. Dkt. No. 37, at pgs. 3–4.

In making this argument, Respondents do have some precedent to work with. Normally, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). But there are circumstances in which those normal rules are a poor fit. As the court explained in ruling on Petitioner's first

motion to enforce, "there is no exhaustion requirement when the only relief Petitioner seeks is the enforcement of the court's own prior order." *See Addemys N.R.*, 2026 WL 2206243, at *4 (citing *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-cv-03354-MWJS, 2026 WL 1999944, at *4 (E.D. Cal. July 10, 2026)). Respondents offer no reason why the court should reach a different conclusion here. Accordingly, the court will not require exhaustion of administrative remedies.

### C. The Immigration Judge Properly Exercised their Discretion in Finding that Petitioner is a Flight Risk

Having cleared the jurisdictional and exhaustion hurdles, we turn to the merits of Petitioner's motion.

In Petitioner's view, Respondents have failed to comply with the court's order granting his habeas petition and ordering a constitutionally adequate bond hearing. According to Petitioner, Respondents have not afforded him a bond hearing that comports with those constitutional requirements. And so, Petitioner argues that this court should enforce its order and either grant him immediate release or a new hearing.

To comply with the court's order, Respondents were required to release Petitioner unless they demonstrated by clear and convincing evidence at a bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. *See Addemys N.R.*, 2026 WL 2206243, at *5. And in assessing flight risk and danger, the immigration judge was tasked with considering a variety of factors, including (1) whether the noncitizen has a

fixed address in the United States; (2) the noncitizen's length of residence in the United States; (3) the noncitizen's family ties in the United States, and whether they may entitle the noncitizen to reside permanently in the United States in the future; (4) the noncitizen's employment history; (5) the noncitizen's record of appearance in court; (6) the noncitizen's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the noncitizen's history of immigration violations; (8) any attempts by the noncitizen to flee prosecution or otherwise escape from authorities; and (9) the noncitizen's manner of entry to the United States. *Martinez*, 124 F.4th at 783 (citing *Guerra*, 24 I. & N. Dec. at 40).

The record in this case—which includes both the immigration judge's order and oral explanation—is sufficient to show that the immigration judge did not abuse their discretion in finding that Petitioner is a flight risk. And because the court concludes that the immigration judge did not abuse their discretion regarding risk of flight, the court need not, and so does not, consider the immigration judge's additional dangerousness finding. *See Duarte v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-4175 DJC CSK, 2026 WL 2838420 (E.D. Cal. Sept. 22, 2026); *Torres Cuero v. Bondi*, No. 1:26-cv-01864-DJC-CSK, 2026 WL 1584644, at *3 (E.D. Cal. June 3, 2026).

Petitioner challenges this conclusion, arguing that the immigration judge erroneously shifted the burden of proof to him while concluding that Petitioner is a flight risk. Dkt. No. 35, at pgs. 9–10. But in general, unless there is an indication that

"something is amiss," courts accept that an immigration judge applies the correct legal standard if they expressly cite and apply the relevant caselaw in rendering their decision. *See Martinez*, 124 F.4th at 785. And here, the immigration judge noted the court's directive that the government was to bear the burden of proof. Dkt. No. 30-1, at pg. 4. The immigration judge cited the relevant legal standard under *Guerra* and considered both positive and negative factors in finding that Petitioner is a flight risk. *Id.* at pg. 10. For example, the immigration judge noted several positive factors, including Petitioner's employment history and various letters supportive of his request. Dkt. No. 30-1, at pg. 10. At the same time, the immigration judge also noted various negative factors, including Petitioner's illegal entry into the country and the fact that Petitioner's proposed sponsor would not live with him. *Id.* All of this is consistent with an immigration judge's proper exercise of discretion.

Nor did the immigration judge abuse their discretion by not obviously considering alternatives to detention. The failure to do so—if that is indeed what happened here—is not enough to constitute an abuse of discretion in this context. As courts have previously recognized, an immigration judge "need only consider alternative conditions to release once the [immigration judge] determines that the detainee is neither dangerous nor so great a flight risk as to require detention without bond." *Song v. Janecha*, No. EDCV 26-3896-AS, 2026 WL 2164151, at *6 (C.D. Cal. July 23, 2026) (cleaned up)); *cf. Martinez*, 124 F.4th at 786 (rejecting argument that

immigration judge was required to consider alternatives to detention after denying bond based on dangerousness). Here, the immigration judge did not determine that Petitioner was not "so great a flight risk as to require detention without bond," *id.*; to the contrary, the immigration judge found Petitioner *was* a flight risk. In light of that finding, the immigration judge had no legal obligation to turn to alternatives to detention.

In any event, the record reflects that Petitioner's counsel argued that the risk of flight would be "minimized with a proper amount of bond" or "an ankle bracelet." Dkt. No. 30-1, at pg. 8. It thus appears that alternatives to detention were presented to the immigration judge, and nothing in the current record suggests that the immigration judge did not fairly consider those alternatives in finding Petitioner to be a flight risk.

The immigration judge also properly found significant that Petitioner had been ordered removed, and there was no reason to believe the removal order decision might be vacated on appeal. *Id.* While Petitioner appears to contend otherwise, the immigration judge was allowed to consider the likelihood of success in Petitioner's underlying removal proceedings in evaluating risk of flight. *See A.V.L.*, 2026 WL 1999944, at *3; *see also Perez Cinto v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-02782-KES-CDB (HC), 2026 WL 2620240, at *3 (E.D. Cal. Sept. 4, 2026) ("In concluding that Petitioner was a flight risk, the IJ permissibly relied upon the fact that Petitioner is subject to an order of removal."). Nor is it problematic that the

immigration judge asked counsel for input on the matter; given that the record does not disclose any reason to believe the removal order would be overturned on appeal, it was not improper—or burden shifting—for the immigration judge to ask Petitioner's counsel if they were aware of one. Judges regularly invite parties who do not bear the burden of proof to make an argument for why the opposing party might not have carried it. To ask that question is not to shift the burden onto the party being asked; it is merely to afford the non-burdened party an opportunity to advocate for their view that the burden was not carried.

Petitioner understandably disagrees with the immigration judge's weighing of the numerous factors considered, and this court may well have reached a different conclusion were it charged with doing so in the first instance. But the court cannot reweigh evidence while reviewing for an abuse of discretion. *See Martinez*, 124 F.4th at 785. Its review is more limited, and having conducted that review, the court sees no basis on which it could grant the requested relief.

//

//

//

//

//

//

//

## CONCLUSION

For the foregoing reasons, Petitioner's motion to enforce, Dkt. No. 35, is DENIED. This case remains CLOSED.

IT IS SO ORDERED.

DATED: October 15, 2026, at Honolulu, Hawai'i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge